**Electronically Filed
Intermediate Court of Appeals
29581
31-OCT-2012
09:44 AM**

NO. 29581

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DARIA BRUCE, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CR. NO. 06-1-0018)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Defendant-Appellant Daria Bruce (**Bruce**) appeals from the Judgment entered on December 26, 2008, by the Circuit Court of the Fifth Circuit (**Circuit Court**), convicting and sentencing her for theft in the first degree in violation of Hawaii Revised Statutes (**HRS**) § 708-830.5 (Supp. 2007).[1]

On appeal, Bruce maintains that the Circuit Court erred in:  (1) refusing her requested specific unanimity instruction; (2) denying her motion to dismiss because the State failed to aver facts in the indictment pertaining to the timeliness of prosecution; and (3) denying Bruce's motion in limine to preclude the State from introducing evidence of Bruce's alleged prior bad acts.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1] The Honorable Randal G.B. Valenciano presided.

the arguments advanced and the issues raised by the parties, we resolve Bruce's points of error as follows:

> (1)  "[T]he right of an accused to a unanimous verdict in a criminal prosecution, tried before a jury in a court of this state[] is guaranteed by article I, sections 5 and 14 of the Hawaiʻi Constitution." State v. Arceo, 84 Hawaiʻi 1, 30, 928 P.2d 843, 872 (1996).  In Arceo, the Hawaiʻi Supreme Court held:

> > [W]hen separate and distinct culpable acts are subsumed within a single count charging a sexual assault-any one of which could support a conviction thereunder-and the defendant is ultimately convicted by a jury of the charged offense, the defendant's constitutional right to a unanimous verdict is violated unless one or both of the following occurs: (1) at or before the close of its case-in-chief, the prosecution is required to elect the specific act upon which it is relying to establish the "conduct" element of the charged offense; or (2) the trial court gives the jury a specific unanimity instruction, *i.e.*, an instruction that advises the jury that all twelve of its members must agree that the same underlying criminal act has been proved beyond a reasonable doubt.

Id. at 32-33, 928 P.2d at 874-75.  "[T]he purpose of an Arceo unanimity instruction is to eliminate any ambiguity that might infect the jury's deliberations respecting the particular conduct in which the defendant is accused of engaging and that allegedly constitutes the charged offense."  State v. Valentine, 93 Hawaiʻi 199, 208, 998 P.2d 479, 488 (2000).

Beyond the context of sexual assault, the supreme court has held that a specific unanimity instruction must be given if "(1) at trial, the prosecution adduces proof of two or more separate and distinct culpable acts; and (2) the prosecution seeks to submit to the jury that only one offense was committed." Id.  However, no specific unanimity instruction need be given if "(1) the offense is not defined in such a manner as to preclude it from being proved as a continuous offense and (2) the prosecution alleges, adduces evidence of, and argues that the defendant's actions constituted a continuous course of conduct." State v. Apao, 95 Hawaiʻi 440, 447, 24 P.3d 32, 39 (2001). See also State v. Hironaka, 99 Hawaiʻi 198, 208, 53 P.3d 806, 816

(2002) (A specific unanimity instruction need not be given if "the prosecution adduces evidence of a series of acts by the defendant that constitutes a 'continuous course of conduct.'"); State v. Stenger, 122 Hawaiʻi 271, 289, 226 P.3d 441, 459 (2010) ("[A]s long as evidence is adduced that the defendant engaged in a continuous 'series of acts' constituting the crime charged, and the prosecution argues the case accordingly, a specific unanimity instruction is unnecessary."). We conclude that, under the circumstances of this case, both of the aforementioned requirements identified in Apao were satisfied, and Bruce's charged theft in the first degree by deception constituted a continuous offense under the facts and circumstances of the instant case; thus, no specific unanimity instruction was required. See also State v. Whitaker, 117 Hawaiʻi 26, 175 P.3d 136 (App. 2007); State v. Martin, 62 Haw. 364, 367-69, 616 P.2d 193, 196-97 (1980); cf. Stenger, 122 Hawaiʻi at 289-93, 226 P.3d at 459-63.

(2) As the Hawaiʻi Supreme Court noted in Martin, "the date of the most recent act of a continuing offense governs the application of the statute of limitations." Martin, 62 Haw. at 372, 616 P.2d at 198 (citations omitted). In Martin, the relevant indictment charged the defendant with wrongfully obtaining state property by deception from January 1, 1973, through January 30, 1976. Martin, 62 Haw. at 366, 616 P.2d at 195. Because the defendant's illicit scheme continued into 1976, the supreme court concluded that the August 17, 1977 indictment was timely filed within the three-year limitations period. Martin, 62 Haw. at 372, 616 P.2d at 198. Similarly, in the instant case, the indictment brought against Bruce charged her with obtaining and exerting control of property of the church by deception with the intent to permanently deprive, for the period on or about January 1, 1999 through April 30, 2005.

Bruce's reliance on <u>State v. Stan's Contracting, Inc.</u>, 111 Hawai'i 17, 137 P.3d 331 (2006), is misplaced. <u>Stan's Contracting</u> requires that "when the charged offense is theft by deception as defined by HRS § 708-830(2) (1993), and the prosecution is relying on the tolling provision of HRS § 701-108(3)(a), . . . the prosecution must not only allege the timely date or dates of commission of the offense in the indictment, but also the earliest date of the discovery of the offense." <u>Stan's Contracting</u>, 111 Hawai'i at 19, 34, 137 P.3d at 333, 348. The supreme court limits the requirement of alleging the earliest date of discovery to instances in which the prosecution is relying on a tolling provision under HRS § 701-708(3)(a). <u>Id.</u> Here, the State was not relying on such an exception to the statute of limitations. Accordingly, consistent with the rule articulated in <u>Martin</u> that "the date of the most recent act of a continuing offense governs the application of the statute of limitations[,]" <u>Martin</u>, 62 Haw. at 372, 616 P.2d at 198, we conclude that the Circuit Court did not err in denying Bruce's motion to dismiss the indictment.

(3) In the Circuit Court proceedings, Bruce argued in limine that evidence of the Holy Cross/Sacred Heart Filipino Catholic Club (**FCC**) account activity was "prior act" evidence falling within the scope of Hawaii Rules of Evidence (**HRE**) Rule 404(b), thereby requiring reasonable pre-trial notice. The State argued in response that HRE Rule 404(b) pertains to "other crimes, wrongs, or acts," and that the FCC account activity did not constitute "other acts." Rather, it was part of "one act" and "one plan" that involved "[d]epositing checks that were supposed to go into one bank account into another bank account, not reflecting on treasury reports and then taking out cash, writing checks for cash to herself." The Circuit Court agreed:

> The [Circuit] Court's understanding is that the acts involving the church in this particular case also involve the Filipino Catholic Charities Club, and that the church --

> the acts involving the church and the Filipino Catholic Club
> is alleged to be one act or scheme occurring over the same
> time frame as charging the Defendant.
>      Because these are all the same acts or scheme, these
> are not independent acts or other acts.  And there's no need
> to provide independent notice as required by 404(b).  The
> [Circuit] Court believes 404(b) intended to exclude other
> acts or other independent acts that could have prejudicial
> effect on this case.

On appeal, Bruce does not directly challenge the Circuit Court's aforementioned conclusion.  Rather, Bruce argues for the first time on appeal that the State attempted to bypass the requirements of HRE Rule 404(b) "under the guise" of the doctrine of *res gestae*,[2] which was found to be no longer viable in State v. Fetelee, 117 Hawai'i 53, 175 P.3d 709 (2008).

Although Bruce correctly identifies the supreme court's holding in Fetelee, *i.e.*, that the HRE supersede the common law *res gestae* doctrine,[3] the State did not argue the admissibility of the FCC account evidence pursuant to the *res gestae* doctrine. Accordingly, it is unclear how Fetelee supports Bruce's argument of error.  Even assuming that the *res gestae* doctrine was implicated, Bruce failed to object or argue that the *res gestae* doctrine was no longer valid.  Accordingly, this argument was waived.  See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(iii); see also, e.g., State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003); State v. Ildefonso, 72 Haw. 573, 584, 827 P.2d 648, 655 (1992) ("Our review of the record reveals that [the defendant] did not raise this argument at trial, and thus it is deemed to have been waived."); State v. Hoglund, 71 Haw. 147, 150, 785 P.2d 1311, 1313 (1990) ("Generally, the

---

[2]    The term *res gestae* "generally refers to the circumstances, facts, and declarations that grow out of the main fact and serve to illustrate its character and that are so spontaneous and contemporaneous with the main fact as to exclude the idea of deliberation or fabrication."  Fetelee, 117 Hawai'i at 64, 175 P.3d at 720.

[3]    See Fetelee, 117 Hawai'i at 80-81, 175 P.3d at 736-37.

failure to properly raise an issue at the trial level precludes a party from raising that issue on appeal.")

Indeed, the Circuit Court did not err in its determination that evidence pertaining to the FCC account did not constitute "other acts" evidence and was not subject to the HRE Rule 404(b) independent notice requirement. According to the State, Bruce obtained and exerted control of the victims' property by deception through funneling money through the FCC bank account. The deposit and withdraw of funds from the FCC account was part of the alleged crime itself. See Addison M. Bowman, Hawaii Rules of Evidence Manual § 404-3 (3d ed. 2006) ("'Other crimes, wrongs, or acts' refers to instances of a person's behavior 'other' than those alleged in the current proceeding."). It was the means by which the State alleged Bruce obtained and exerted control over the property of Holy Cross Church and Sacred Heart Parish and its parishioners. Accordingly, we conclude that the Circuit Court did not err in denying Bruce's motion in limine with respect to allowing evidence of the FCC account activity.

For these reasons, we affirm the Circuit Court's December 26, 2008 Judgment.

DATED: Honolulu, Hawai'i, October 31, 2012.

On the briefs:

Michael Jay Green
for Defendant-Appellant

Shaylene Iseri-Carvalho
Prosecuting Attorney
Tracy Murakami
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

6